```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

BRIAN G. CORREIA,              )
                               )
        Plaintiff,             )
                               )
        v.                     )
                               )    C.A. No. 14-11791-PBS
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security,                      )
                               )
        Defendant.             )
                               )

## ORDER

April 16, 2014

Saris, C.J.

    1.    The motion for leave to proceed in forma pauperis (#2) is GRANTED.

    2.    The Clerk shall substitute Carolyn W. Colvin, Acting Commissioner of Social Security, as the sole defendant. The plaintiff has named the Social Security Administration as the sole defendant, but the Commissioner of Social Security is the only proper defendant. See 42 U.S.C. § 405(g); 29 C.F.R. § 411.210(d).

    3.    The Clerk shall issue summons and the United States Marshal shall serve a copy of the summons, complaint, and this order upon the defendant as directed by plaintiff with all costs of service to be advanced by the United States. The plaintiff must complete service within 120 days of the date of this order.

    4.    The motion for appointment of counsel (#3) is DENIED WITHOUT PREJUDICE. Although the Court "may request an attorney

to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases, and it is difficult for the Court to find attorneys who will accept appointment as pro bono counsel. To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See DesRosiers, 949 F.2d at 23. Because the defendant has not responded to the complaint and the administrative record has not been filed, the Court cannot determine whether exceptional circumstances exist that would justify appointment of counsel.

The plaintiff may renew his motion once he has served the defendant and the administrative record has been filed. If the plaintiff renews his motion, he must identify his attempts to find counsel.

SO ORDERED.

| | |
|---|---|
| 4/16/2014 | /s/ Patti B. Saris |
| DATE | PATTI B. SARIS |
| | CHIEF, U.S. DISTRICT JUDGE |